UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED TRANSIT DYNAMICS, INC., | No. C-11-00075-DMR |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO TRANSFER CASE FOR CONVENIENCE** |
| v. | |
| J.B. HUNT TRANSPORT, INC., et al., | |
| Defendants. | |

Plaintiff Advanced Transit Dynamics, Inc. ("ATD" or "Plaintiff"), a Delaware corporation with its principal place of business in California, filed suit against Defendant J.B. Hunt Transport, Inc. in the Superior Court for the County of San Mateo. *See* Docket No. 1. Ex. A ("Compl."). Plaintiff alleges breach of contract, open book account, account stated, and action for price, seeking damages of $105,727.88 related to the sale of 211 ATDynamics-Transtex Advanced Trailers Skirts ("Trailer Skirts"). Compl. ¶¶ 20-41. Defendant, a Georgia corporation with its principle place of business in Arkansas, denies the allegation and asserts, among other things, that Plaintiff is barred from any recovery due to the negligent misrepresentation of material facts on its part. *See* Docket No. 1. Ex. B (Answer). Defendant removed the action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1332 and §1441(b), and now moves to transfer it to the United States District Court for the Western District of Arkansans under 28 U.S.C.

§1404(a). Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and appeared for oral argument on Defendant's motion on April 20, 2011. Having carefully considered the parties' papers, the evidence cited therein and the oral argument on the motions,[1] the Court hereby **DENIES** Defendant's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

On December 10, 2010, Plaintiff filed a complaint seeking the payment of $105,727.88 in the Superior Court of the State of California for the County of San Mateo. *See* Compl. The complaint stems from an August 2009 purchase agreement between Plaintiff and Defendant, pursuant to which Defendant allegedly agreed to purchase 211 Trailer Skirts for a total of $305,950.00. *See* Compl. ¶ 11. The complaint alleges that $105,727.88 of the purchase price was to be paid through the Environmental Protection Agency's ("EPA") Region 2 Trailer Aerodynamics Program ("Region 2 Subsidy Program"). *See* Compl. ¶ 11. Cascade Sierra Solutions ("CSS"), with its principle place of business in Oregon, agreed to administer the subsidy from the Region 2 Subsidy Program to Defendant. *See* Compl. ¶ 6; Docket No. 12, Declaration of Erin Welsh ("Welsh Decl."), Ex. 2. To be eligible for the subsidy, Defendant was required to use the Trailer Skirts on motor carrier transportation fleets operating, at least partially, in New York or New Jersey. *See* Docket No. 11, Declaration of Andrew Smith ("Smith Decl.") ¶ 7. The EPA ultimately refused to provide the subsidy, however, because Defendant, which operates motor carrier transportation fleets throughout much of North America, has no fleets operating in New York or New Jersey. *See* Docket No. 9, Declaration of Kristi Noland ("Noland Decl.") ¶¶ 3, 8 & 11; Welsh Decl., Ex. 1. In August 2009, Plaintiff delivered the 211 Trailer Skirts to Virginia, where Defendant does operate, and sent invoices that requested all checks for payment be made to "ATDynamics, 245 Utah Avenue, South San Francisco, CA 94080." *See* Compl. ¶¶ 13 & 18; Smith Decl. ¶ 12, Ex. 3. Defendant paid $200,222.12, but refused to pay the additional $105,727.88 on the grounds that it had been

---

[1] On April 7, 2011, Plaintiff filed "Evidentiary Objections and Motion to Strike New Evidence Submitted with Reply Brief to Motion to Transfer." *See* Docket No. 18. The Court need not address these objections, however, as it does not refer to the challenged evidence it making its ruling. The Motion to strike, therefore, is denied as moot.

prevented from procuring the subsidy due to Plaintiff's misrepresentations. *See* Compl. ¶ 19; Docket No. 9 at 6.

On January 7, 2011, Defendant removed this action to the United States District Court for the Northern District of California based on diversity of citizenship. It has now filed a Motion to Transfer to the United States District Court for the Western District of Arkansas, pursuant to 28 U.S.C. §1404(a).

## II. DISCUSSION

Under 28 U.S.C. §1404(a), District Courts have discretion to adjudicate motions for transfer using an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations and citations omitted). In order to prevail on a motion to transfer, the moving party must establish: (1) "the transferee district is one where the action might have been brought"; and (2) "the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Since Plaintiff does not dispute the first factor, the Court focuses only on the latter.[2]

In determining whether a transfer will serve the convenience of the parties and witnesses and will promote the interest of justice, a court should consider private and public interest factors affecting the convenience of the forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Private interest factors include the plaintiff's choice of forum, the parties' convenience, and the witnesses' convenience, while public interest factors include the local interest in having controversies decided at home, the relative court congestion in each forum, and the familiarity of each forum with the applicable law. *See Id*. A motion to transfer, however, should not merely shift the inconvenience from the moving party to the opposing party. *See Id*. In other words, Defendant here has to make a strong showing of inconvenience to warrant upsetting Plaintiff's choice of forum, which it has not done. *See Id.*

---

[2]Defendant also does not dispute it is subject to personal jurisdiction in this Court.

3

### A. Private Interest Factors

Defendant argues that Western Arkansas is more convenient because it is closer for most of the important witnesses, in particular for the participants of a June 19, 2009 meeting at Defendant's headquarters in Lowell, Arkansas where Defendant alleges Plaintiff made material misrepresentations. Attendees of that meeting were two of Plaintiff's personnel, one Transtex Composite's representative, and fourteen of Defendant's employees who will testify about Plaintiff's misrepresentation. *See* Noland Decl. ¶ 13. Therefore, Defendant argues, Arkansas is the appropriate forum as it is more convenient for the majority of witnesses in the case. The Court disagrees. First, this is a contract dispute where one party is located in South San Francisco, where negotiations occurred in California, Arizona and Arkansas, and where the agreement was performed in California and Virginia. *See* Smith Decl. ¶¶ 3, 8 & 9; Docket No. 17, Supp. Declaration of Kristi Noland ¶¶ 8 & 10. In short, Northern California has a substantial connection to this case.

Second, Plaintiff maintains the vast majority of witnesses it expects to call, including four CSS's personnel in Oregon and nine ATD employees in California and Arizona, are located on the west coast. *See* Smith Decl. ¶ 15. While the June 2009 meeting in Arkansas may be important for Defendant's affirmative defense, Plaintiff has the right to demonstrate every element necessary for its claims, and to call the witnesses to do so. Thus, although it may be inconvenient for Defendant to litigate the case in California, the transfer would merely shift that inconvenience rather than eliminate it.

Third, as Plaintiff notes, fourteen of Defendant's seventeen expected witnesses who reside in Arkansas are employee-witnesses who appear to possess similar knowledge pertaining to the June 19, 2009 meeting. *See* Noland Decl. ¶ 13. The sheer number of witnesses, then, does not support the notion that Arkansas would be a more convenient forum. In sum, the inconvenience to Defendant and its witnesses if this case is litigated in California appears to be no greater than the inconvenience to Plaintiff and its witnesses were the case transferred to Arkansas. Simply put, given that Plaintiff filed its lawsuit in California, Defendant has not met its burden of showing that the private factors weigh in favor of transfer.

4

### B.     Public Interest Factors

The public interest factors here also favor this Court maintaining jurisdiction. First, Defendant contends that this action should be decided in Arkansas because Arkansas has an interest in enforcing agreements that are executed within its district. As discussed above, however, Northern California has as strong an interest in this case as does Arkansas. Indeed, Plaintiff's only office, as well as a number of its key witnesses, are located here. The relative interest between the forums in enforcing contractual obligations within their borders, then, does not weigh in favor of transfer.

Second, as to the relative court congestion in each forum, Defendant insists that a transfer would serve judicial efficiency, arguing that the Western District of Arkansas has fewer cases and disposes of cases somewhat faster than this district. As both parties have consented to magistrate court jurisdiction, however, the relative average caseloads or median times to trial for district court judges does not factor into the analysis of whether transfer should be granted. Indeed, this Court has set a trial date consistent with the parties' joint request. Moreover, this case would likely be delayed by several months were it now to be transferred and restarted in a new forum.

Lastly, as to the issue of each forum's familiarity with the applicable law, Defendant contends that, because both California and Arkansas law recognize the affirmative defense of misrepresentation against a contract cause of action, Arkansas is the appropriate forum. The fact that both courts would apply Defendant's stated affirmative defense, however, seems to be a neutral factor and certainly does not weigh in favor of transfer to Arkansas. Additionally, Plaintiff's fourth cause of action arises exclusively under California Commercial Code § 2709, with which this district is likely to be more familiar. Accordingly, just as Defendant failed to make a strong showing of private interest factors in favor of transfer, none of the public interest factors warrant upsetting Plaintiff's choice of forum here. Therefore, Defendant's motion must be denied..

### III. CONCLUSION

For the reasons stated above, the Defendant's motion to transfer is DENIED.

IT IS SO ORDERED.

Dated: April 25, 2011

DONNA M. RYU
United States Magistrate Judge